850 F.2d 692
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mack Roger SMITH, Plaintiff-Appellant
v.
STATE OF TENNESSEE, DEPARTMENT OF SAFETY; Colonel Don
Duncan and Lieutenant Carl Smith, Defendants-Appellees
 No. 87-5918.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Mack Smith appeals the district court's grant of summary judgment for defendants and dismissal of plaintiff's suit in this civil rights action brought under 42 U.S.C. Sec. 1983. Plaintiff alleges that the defendants violated his fourth amendment rights by ordering a search of his home that was conducted illegally and violated his fourteenth amendment procedural due process rights by creating a stigma on his reputation. Plaintiff argues that the district court erred in holding that the search was consensual and therefore legal because this issue is a fact question that must be submitted to the jury. Plaintiff also argues that the fourth amendment violation coupled with the damage to his reputation makes his liberty interest claim cognizable under the fourteenth amendment. We find no merit in either claim and accordingly AFFIRM.
 
 
 2
 * Plaintiff Smith is an undercover drug agent for the Tennessee Bureau of Investigation (TBI). Defendants Duncan and Carl Smith are officers of the State of Tennessee, Department of Safety. In July, 1985, Carl Smith told Duncan that two unidentified men at a truck stop informed Smith that a lawn tractor stolen from the state garage could be found either at plaintiff's home or his sister's home. Duncan relayed this information to Investigator Tipton, who directed Officers Moree and Hood to investigate.
 
 
 3
 Plaintiff had known Moree, Hood, Tipton, and Smith for a number of years. Hood contacted plaintiff and told him that he and Moree would be in the area and asked to meet with him. Upon arriving at plaintiff's home, plaintiff invited them in and, during a brief conversation, they informed him of the investigation. It is conceded that they had no probable cause for the search. Hood asked plaintiff if he would consent to a search of his house and plaintiff told them to look anywhere. Hood and Moree conducted the search and did not find the stolen tractor.
 
 
 4
 Plaintiff informed his supervisors at TBI of the Department of Safety investigation and an internal TBI investigation was conducted. The director and assistant director of TBI indicated to plaintiff that he would suffer no repercussions because of the investigation. However, the internal investigation is a part of his employment file and is a matter of public record.
 
 
 5
 Plaintiff contends that the truck stop "tip" is a fabrication by Smith in retaliation against plaintiff. In his official capacity, plaintiff was involved in the continued incarceration of Smith's son when the son did not follow through on helping plaintiff with drug arrests as agreed. In addition, plaintiff did not help Smith's son move to a different jail.
 
 
 6
 Plaintiff filed suit in federal court for money damages against the State of Tennessee and against Duncan and Smith in their individual capacities, claiming, pursuant to 42 U.S.C. Sec. 1983, violations of his 4th, 5th,[1] and 14th amendment constitutional rights and state law claims of outrageous conduct and defamation. Upon motion, the district court dismissed the action against the State and there was no appeal of this dismissal. After discovery was completed, Duncan and Smith moved for judgment on the pleadings, or, alternatively, summary judgment. The motion was referred to a magistrate, who heard oral argument and recommended that the motion be granted, with the federal claims being dismissed with prejudice and the pendent state claims being dismissed without prejudice.
 
 
 7
 Regarding plaintiff's fourth amendment claims that Duncan directed an improper search and Smith caused such search by providing information to Duncan that Smith knew was false, the magistrate found that "viewing the totality of the circumstances," plaintiff's own testimony indicated that his "consent was given freely and voluntarily without duress, coercion, or trickery." Relying on Colorado v. Connelly, 107 S.Ct. 515 (1986) (confession case), the magistrate found that there was no coercive police activity, a necessary predicate to finding the search involuntary.
 
 
 8
 Plaintiff's fourteenth amendment procedural due process claim was likewise found to be without merit. The magistrate determined that there was no tangible injury to plaintiff to support this claim. Under Paul v. Davis, 424 U.S. 693 (1976), injury to reputation alone is not enough to give rise to a constitutional deprivation because reputation is neither a protected liberty nor property interest. The magistrate found that plaintiff suffered no repercussions in his employment with the TBI, and that his fears of future job discrimination were merely speculative. Finally, the magistrate recommended dismissing plaintiff's pendent state claims of defamation and outrageous conduct.
 
 
 9
 The district court adopted the magistrate's report and dismissed the complaint as recommended. Plaintiff appeals the grant of summary judgment.
 
 II
 
 10
 Plaintiff argues that, under the totality of the circumstances, he did not voluntarily consent to the search of his home, but that he was coerced into consenting because a refusal would increase suspicion and adversely affect his employment as a TBI agent. Voluntariness is a question of fact to be determined from the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). Coercive police activity, such as force or duress, preceding the alleged consent would result in declaring the search involuntary. See United States v. Scott, 578 F.2d 1186, 1189 (6th Cir.), cert. denied, 439 U.S. 870 (1978).
 
 
 11
 The only alleged coercive police activity was the "atmosphere" of the search (Moree and Hood gained entrance to the house without disclosing the official nature of their visit) and the relationship of the parties (Moree and Hood were acquaintances of plaintiff). In his deposition, however, plaintiff admitted that no demands were made or coercion used and that he cooperated fully. Moreover, he knew he could refuse, but felt that he had no choice because of his employment with TBI, although he was never told that he had to give up his constitutional rights to keep his job. As the district court correctly found, this subjective concern over jeopardizing his job does not rise to the level of coercion, compulsion, or force resulting in a constitutional violation. A reasonable trier of fact could draw but one conclusion from the summary judgment record, that plaintiff consented to the search, and therefore no question remained for a jury.
 
 
 12
 In his brief, plaintiff appears to admit that his claim based on damage to his reputation as a police officer is not cognizable and that any injury is speculative and hypothetical. Nevertheless, he argues that his fourth amendment claim provides the tangible injury necessary to his procedural due process claim. He cites no authority for this novel argument, and the argument is moot since his fourth amendment claim is not viable.
 
 
 13
 Although plaintiff may have sustained some damage to his reputation, he does not even allege that he has suffered a tangible injury such as loss of employment as required under Paul v. Davis. In fact, his deposition testimony establishes that he anticipates no repercussions at his job. Plaintiff's legal rights or status have not changed, and there is no liberty interest in his attractiveness to potential employers. Goulding v. Feinglass, 811 F.2d 1099, 1103 (7th Cir.1987), cert. denied, 107 S.Ct. 3215.
 
 
 14
 Therefore, we AFFIRM the order of the district court granting summary judgment for defendants and dismissing plaintiff's federal claims with prejudice and his state claims without prejudice.
 
 
 
 [1]
 The district court dismissed plaintiff's claim under the fifth amendment. There was no appeal from this dismissal